UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RICHARD BECK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-062 PS |
| | ) | |
| EDDIE BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Richard Beck, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 120 day loss of good time and his demotion in credit class as a result of a finding by the Conduct Adjustment Board (CAB) at the Correctional Industrial Facility in Pendleton, Indiana. The respondent has filed a response. Mr. Beck did not file a traverse and the time for doing so has long since passed.

Mr. Beck attempts to raise six grounds in this challenge. In his first, fourth, and fifth grounds, Mr. Beck asserts various violations of the Adult Disciplinary Procedure ("ADP"). Specifically, Mr. Beck alleges that the individuals who investigated him were at his hearing, that the conduct report was not timely written, and that he was not timely screened. Habeas corpus relief is only available for the violation of the federal Constitution or laws. 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).[1]

---

[1] This Court notes that Mr. Beck asserts that it was a violation of the ADP to have the individuals who wrote him up at his hearing. While due process requires an impartial decision maker, there is nothing in the evidence to suggest that the decision makers had anything to do with the investigation. Furthermore, the evidence demonstrates that the individuals were not at his hearing, but nearby in the event that they needed to testify. (Resp. Ex. J). Thus, no due process

Mr. Beck next claims that he was written up twice for the same incident. However, the records presented to this Court reveal that the first charge resulting from the incident was dismissed and expunged from his record. (Resp. Ex. W). As a result, Mr. Beck could not have been disciplined twice for the same incident. Mr. Beck did not file a traverse which attempts to refute this evidence.

Mr. Beck's third allegation is that there was insufficient evidence to find him guilty of the charge of intimidation. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Prison officials are allowed to resolve conflicts in stories; again, all that is needed is

---

violation occurred and Mr. Beck's argument is merely one based upon a violation of the ADP.

"some evidence" that supports their decision. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).

Here, the board had before it Mr. Beck's admission that he said he "could kill her" during a telephone conversation with his girlfriend. Although Mr. Beck states that he did not mean anything by those words, it is not for this court to re-evaluate Mr. Beck's intent or state of mind. Mr. Beck's own admission is more than adequate evidence to support the board's finding of intimidation or threatening another with bodily harm.

Finally, Mr. Beck's last argument is that his girlfriend was placed on visitation restriction as a result of the incident. However, the restrictions placed upon Mr. Beck's girlfriend do not alter the duration of his confinement. Therefore, Mr. Beck cannot challenge this type of restriction in a habeas corpus proceeding.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED**.

ENTERED: November 29, 2006.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT